**Opinion issued June 5, 2014**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-13-00228-CV

_____

**GOOGLE, INC., Appellant**

**V.**

**EXPUNCTION ORDER, Appellee**

---

**On Appeal from the 405th District Court**
**Galveston County, Texas**
**Trial Court Case No. 12CV1370**

---

## O P I N I O N

The Commission for Lawyer Discipline filed a notice to nonsuit an action it had brought against Calvin Jackson. Jackson filed a motion to expunge all records related to the action. The trial court nonsuited the action and granted the motion to expunge. The order of expunction required appellant, Google, Inc., to take certain

action, even though it had never been a party to the suit. Google filed a notice of appeal and now argues that (1) the expunction order violates the Communications Decency Act, (2) the expunction order violates Google's due process rights, (3) the statute on which the expunction order purports to draw its authority for expunction does not apply to Google specifically or to the action in general, (4) the proceedings were required to be public, and (5) the expunction order is an unconstitutional prior restraint on Google's right to free speech.

We reverse and vacate the trial court's order as it applies to Google.

## Background

A county court at law judge from Galveston County filed a grievance against Jackson, alleging certain improper actions in a proceeding before his court. The Commission issued a complaint, and Jackson elected to proceed in district court. Some time later, the Commission filed a motion to nonsuit the action it had brought against Jackson. The same day, the trial court signed an order nonsuiting the action with prejudice.

Two days later, Jackson filed a motion for expunction of all records relating to the disciplinary action. Jackson identified the motion as "unopposed." The motion identified Google, among others, as an entity that "may have records pertaining to Jackson in connection with the disciplinary action and which are

subject to expunction." The motion asked the trial court to require all parties that he had identified to have relevant records to expunge those records.

The trial court signed the proposed expunction order. The order identified Google as an entity to whom the order must be sent. The order further required all identified recipients to expunge or destroy all records relating to the action other than certain, specifically identified records. After receiving notice of the order, Google timely filed a notice of appeal.

**Personal Jurisdiction**

We must first resolve Google's second issue, whether the expunction order violates its due process rights. In its reply brief, Google urges us to resolve this appeal based on its first issue, whether the expunction order violates the Communications Decency Act. Google argues that courts only resolve matters on constitutional grounds if the matters cannot be resolved on non-constitutional grounds. *See In re B.L.D.*, 113 S.W.3d 340, 349 (Tex. 2003). Even so, we must resolve jurisdictional issues before we review issues based on the merits of the dispute. *See Tex. Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004) (recognizing "fundamental precept that a court must not proceed on the merits of a case until legitimate challenges to its jurisdiction have been decided"). Google's due process claim implicates the trial court's jurisdiction to enter orders against Google. *See* TEX. R. CIV. P. 124 (requiring service, acceptance

3

or waiver of process, or appearance before judgment can be rendered against party); *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 273 (Tex. 2012) (holding jurisdictional defect voids judgment when defect "exposes such personal jurisdictional deficiencies as to violate due process").

Constitutional due process requires a party to be served with process and to receive notice of an action to which it is an interested party. *See Fehlhaber v. Fehlhaber*, 681 F.2d 1015, 1027 (5th Cir. 1982). A judgment rendered in violation of due process is void. *Id.*; *PNS Stores*, 379 S.W.3d at 273. As a corollary to this rule, "[i]t is a basic tenet of American jurisprudence that before a court can affect a person's interest in *in personam* litigation, that person must either be a party to litigation before the court or in privity to a party in litigation before the court." *AVCO Corp. v. Interstate Sw., Ltd.*, 145 S.W.3d 257, 263 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110, 89 S. Ct. 1562 (1969)).

It is clear from the record that Google was never named as a party to the suit, was never served with process, never waived or accepted process, and never made an appearance in the suit before the expunction order was entered. Nothing in the record establishes that Google stands in privity to the Commission or to Jackson. Accordingly, we hold that Google was not a party to the suit and that the trial court lacked jurisdiction to enter orders against Google. *Id.*

When a party is served but there are technical defects in the judgment, the judgment is voidable. *PNS Stores*, 379 S.W.3d at 275. However, when "the defects in service are so substantial that the defendant was not afforded due process," the judgment is void. *Id.* Here, there was no identification of Google as a party or attempt to serve it with process. Accordingly, the judgment against it is void and must be vacated. *See id.* at 272 (holding void judgment must be vacated).

We sustain Google's second issue. Because this issue is dispositive of the appeal, we do not need to reach the remainder of Google's issues.

## Conclusion

We reverse and vacate the portions of the trial court's expunction order affecting Google, Inc.


Laura Carter Higley
Justice

Panel consists of Justices Jennings, Higley, and Sharp.

5